## PISANO v. TILLINGHAST, Commissioner of Immigration.
### No. 2443.

Circuit Court of Appeals, First Circuit.
April 18, 1930.

John T. Lane, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

52

BINGHAM, Circuit Judge.

This is an appeal from a decree of the District Court for Massachusetts dismissing a petition for a writ of habeas corpus and denying the writ.

In the petition it is alleged that the applicant was denied a fair hearing by the immigration authorities, and that he is a citizen of the United States.

The applicant is thirty-nine years old. He was born in Italy, March 27, 1890, and first came to the United States in 1902. His father was then in this country, having come here about 1890 from Italy, where he was born. The applicant has two brothers, a sister, and mother, who were born in Italy, but who have resided in this country for many years. One brother is a naturalized citizen, and the sister has applied for naturalization. The father died some years ago. There is no evidence that he ever was naturalized.

In 1915, the applicant returned to Italy at the expense of the Italian government, and entered the army. He was discharged from the army about 1921. Thereafter, he was employed in the Italian Merchant Marine for about eight years, during which time he made two or three trips to this country as a seaman.

On August 9, 1929, he arrived at Providence, R. I., on the steamship Asia, coming as a stowaway, after secretly escaping from Italy to France.

On August 10, 1929, he was given a hearing before a board of special inquiry, which ordered him excluded as an alien stowaway and a person coming in violation of the Act of 1924 (43 Stat. 153) in that he did not have an unexpired immigration visa. An appeal was taken. The Board of Review recommended that the excluding decision be affirmed; and August 13, 1929, the Assistant Secretary of Labor so ordered.

At the request of applicant's attorney, the case was, on October 18, 1929, ordered reopened for the reception of evidence on the question of citizenship. The case was sent back to the Board of Special Inquiry, and on October 30, 1929, a rehearing was had, at which further testimony was submitted, but as no evidence of the naturalization of the applicant's father had been obtained, and that his brother might have further opportunity to produce such evidence, the hearing was deferred until November 26, 1929, when it was resumed. The brother not appearing on the 26th, the hearing was again deferred, but on the 27th, at applicant's request, the case was closed. The Board of Inquiry then

affirmed its former decision and applicant appealed to the Secretary of Labor.

The Board of Review, after considering the record, recommended that the excluding decision be affirmed, and it was so ordered by the Assistant Secretary of Labor.

The records of the immigration office disclose, as above outlined, that the applicant was accorded a fair hearing, and that he totally failed to produce any evidence from which reasonable men could find that he was a citizen of the United States, either by birth, by his having been naturalized, or by his father having been naturalized.

The decree of the District Court is affirmed, but the mandate will be stayed a reasonable time, on seasonable application to the court therefor, to permit the alien to apply to the Secretary of Labor for the exercise of his discretion.